UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DEROUNIAN,<br><br>Plaintiff,<br><br>-against-<br><br>DENTAQUEST OF NEW YORK, LLC, DENTAQUEST, LLC, JOHN/JANE DOES 1–10,<br><br>Defendants. | 26-CV-3786 (LTS)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* has filed a motion requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (a) that he is likely to suffer irreparable harm and (b) either (1) a likelihood of success on the merits of his case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Here, Plaintiff asserts claims arising from DentaQuest of New York, LLC's and DentaQuest LLC's denials of prior authorization for dental implant treatment. Plaintiff invokes the Court's federal question subject matter jurisdiction by

asserting his claims fall under the Due Process Clause of the Fourteenth Amendment; 42 U.S.C. § 1983; the Medicaid Act, 42 U.S.C. §§ 1396a(a)(8) and (10); Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and regulations governing managed care organizations' ("MCO") authorization of services and notice of adverse benefit determinations, 42 C.F.R. §§ 438.210 and 438.404.

However, the legal provisions under which Plaintiff sues do not generally create causes of action against private entities and the general statute providing for private suits for violations of constitutional rights only authorizes suits against persons acting under color of state law. Defendants are private entities or individuals—not state actors, and thus it appears that Plaintiff has no likelihood of success on any of his federal law claims. *See, e.g.*, *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 380 (2025) (holding that the Medicaid Act's any-qualified-provider provision lacks "clear and unambiguous rights-creating language" and therefore does not "support[] a private suit under § 1983"); *Blum v. Yaretsky*, 457 U.S. 991, 1004–05, 1012 (1982) (holding Medicaid recipients failed to establish that private nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care constituted state action for Fourteenth Amendment purposes); *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (stating a claim under 42 U.S.C. § 1983 requires a state action); *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (private parties are generally not liable under Section 1983); *Noel v. N.Y.C. Taxi & Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012) (Title II of ADA applies to public entities).

Accordingly, Plaintiff's request for an order to show cause (ECF Nos. 6-8) is denied. The Court will issue an order addressing his complaint at a later date.

**CONCLUSION**

Plaintiff's request for an order to show cause (ECF No. 6) is denied. The Clerk of Court is directed to terminate the motion (ECF No. 6).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 21, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge